UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-80756-RUIZ/MAYNARD

MATTHEW BROOKSHIRE,

    Plaintiff,

v.

GMR MARKETING LLC,

    Defendant.
_____/

REPORT AND RECOMMENDATION
ON DEFENDANT'S MOTION TO DISMISS [DE 22]

Plaintiff Matthew Brookshire has filed this suit against his former employer, Defendant GMR Marketing LLC, alleging three counts under the Florida Civil Rights Act, Florida Statutes § 760.01, *et. seq.*, ("FCRA"). Defendant has filed a Motion to Dismiss ("Motion") [DE 22] seeking to dismiss Plaintiff's Amended Complaint with prejudice for failure to state a claim under the FCRA and for failure to exhaust administrative remedies. Presiding U.S. District Judge Rodolfo Ruiz has referred this Motion to me for appropriate disposition. [DE 25]. For the reasons discussed below, I respectfully recommend that the Motion be **GRANTED IN PART AND DENIED IN PART** and that the Amended Complaint be dismissed in its entirety with leave to amend.

## BACKGROUND

The Amended Complaint asserts three counts under the FCRA. Counts I and II allege sexual harassment and gender/sex discrimination. Count III alleges retaliation. At this motion-to-dismiss stage, as I must, I will accept as true the Plaintiff's factual allegations and construe them in the light most favorable to him.

1

Defendant operates a marketing business. [DE 12 ¶ 3]. According to the Amended Complaint, Plaintiff is a male who worked remotely for Defendant for approximately eight months from April 2021 through November 2021. [*Id.* ¶¶ 15-16]. "Beginni[ng] in April of 2021," Plaintiff alleges that he was sexually harassed by a male supervisor, Porter Fisher, who would comment on the color of Plaintiff's skin and would call Plaintiff on the phone asking "to meet with him to do thin[g]s like give a spray tan to assist with the color of his skin." [*Id.* ¶¶ 17-19]. Plaintiff alleges that Mr. Fisher targeted Plaintiff because Mr. Fisher found Plaintiff sexually attractive. [*Id.* ¶ 19].

According to Plaintiff, "Mr. Fisher would regularly pull Plaintiff aside for non[-]work related inappropriate reasons, regularly asking Plaintiff to come to Mr. Fisher's house." [*Id.* ¶ 21]. Plaintiff "complained to Alex Olson, supervi[sors] about these issues and no action was taken." [*Id.* ¶ 20]. Plaintiff claims the behavior, continued for months and escalated to the point of being "so sever[e] and pervasive that [Plaintiff] was forced to repeatedly complain about the treatment and suffered other emotional consequences." [*Id.* ¶¶ 19-20]. Plaintiff claims that the alleged sexual harassment against him "specifically falls in the hostile work environment category." [*Id.* ¶ 20]. Plaintiff identifies two individuals as witnesses who "were not subjected to the sexual advances of Mr. Fisher and are in fact direct comparators and co-workers with Plaintiff." [*Id.* ¶ 22].

Plaintiff filed an EEOC Charge of Discrimination on November 16, 2021, and he claims that, after filing that Charge, his employment was terminated for the alleged pretextual reason of downsizing. [*Id.* ¶¶ 10, 12-13, 23]. According to Plaintiff, the real reason he was terminated was because he had lodged complaints of sexual harassment [*Id.* ¶ 22]. Plaintiff alleges that he was terminated after filing his Charge of Discrimination and, thus, "there is now a retaliation claim, asserted in this complaint, that is derivative of the original EEOC filing" and that "[a] second EEOC and FCRA is not required in this situation in order to allege retaliation though not included

2

in the original filing as Plaintiff had not yet been terminated." [*Id.* ¶ 24]. Plaintiff claims he dual filed his Charge of Discrimination with the Florida Commission on Human Relations. [*Id.* ¶ 11]. Attached to the Amended Complaint is Plaintiff's EEOC "Charge of Discrimination" dated November 16, 2021, and an EEOC "Dismissal and Notice of Rights" letter dated April 12, 2022. [DE 12 at 13-14, 16].

Plaintiff initially filed his complaint in state court. On May 19, 2022, Defendant removed the case to this federal court on grounds of diversity jurisdiction. [DE 1; DE 10]. On May 31, 2022, Defendant moved to dismiss Plaintiff's state court complaint for failure to state a claim and failure to exhaust administrative remedies. [DE 9]. On June 12, 2022, Plaintiff filed an Amended Complaint [DE 12] as a matter of course, after which Defendant's first motion to dismiss was denied as moot. [DE 16].

On June 22, 2022, Defendant filed the instant Motion to Dismiss the Amended Complaint again seeking to dismiss all three FCRA counts for failure to state a claim. [DE 22]. Defendant argues also that the retaliation count should be dismissed for failure to properly exhaust administrative remedies. [*Id.*]. Defendant seeks dismissal with prejudice on grounds that Plaintiff has already had one opportunity to amend his complaint and has failed to cure any of the same deficiencies from which his initial complaint suffered. Plaintiff has filed a response in opposition [DE 23], Defendant has replied [DE 24], and the Motion is ripe for review.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint on the basis that it fails to state a claim upon which relief can be granted. When considering such a motion, a court must accept the factual allegations pleaded in the complaint as true and must construe the complaint in the light most favorable to the plaintiff. *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 555–56 (2007); *Jackson v. Bellsouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004).  However, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face" so as to "nudge his claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In determining whether the plausibility standard has been met, a court must consider the pleading as a whole and must draw on judicial experience and common sense.  *Id.*; *see also Speaker v. U.S. Department of Health and Human Services Centers for Disease Control and Prevention*, 623 F.3d 1371, 1380 (11th Cir. 2010) (citations omitted).  Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

A plaintiff is not required to detail all the facts on which his claim is based; rather, Rule 8(a)(2) requires only a short and plain statement that fairly notifies the defendant of what the claim is and the grounds on which it rests.  *Twombly*, 550 U.S. at 555–56; *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010).  The allegations must, however, be enough to raise a right to relief above the speculative level.  *Id*.  The Federal Rules demand "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 556 U.S. at 662.  "Mere 'labels and conclusions or a formulaic recitation of the elements of a cause of action will not do,' and a plaintiff cannot rely on 'naked assertions devoid of further factual enhancement.'" *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (citation omitted).  "[I]f allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012).

## ANALYSIS

Because the FCRA is modeled after Title VII of the Civil Rights Act of 1964, courts look to federal case law as well as Florida decisions to construe claims under the FCRA. *Albra v. Advan, Inc.*, 490 F.3d 826, 834 (11th Cir. 2007); *Byrd v. BT Foods, Inc.*, 948 So. 2d 921, 925 (Fla. 4th DCA 2007); *Johnson v. Great Expressions Dental Centers of Fla., P.A.*, 132 So. 3d 1174, 1176 (Fla. 3rd DCA 2014). Defendant argues that Plaintiff's allegations are insufficient to sustain his claims under the FCRA and, as to his retaliation claim, Plaintiff failed to exhaust his administrative remedies as to his retaliation claim. Defendant seeks dismissal with prejudice.

Before I turn to an analysis of Defendant's arguments, I am compelled to note that the Amended Complaint contains obvious "copy and paste" issues. One example is that it alleges that Plaintiff is male [DE 12 ¶ 15] but then refers to Plaintiff as "she" in at least two other places [*Id.* ¶¶ 8, 49]. Another more notable example is that the Amended Complaint alleges as part of its core body of factual allegations that Plaintiff's claims stem from the alleged conduct of a supervisor named Porter Fisher. [*Id.* ¶¶ 17-22]. Yet, as part of the retaliation count, several paragraphs refer to Plaintiff's rejections of advances by a previously unidentified "Devin Stewart" and complaints about "Morris' actions." [*Id.* ¶¶ 49-50, 52-53].

Plaintiff generally concedes "obviously unintentional typographical errors" in the Amended Complaint but claims that such errors are easily comprehensible and "do not change the substance of the claim." [DE 1 at 1]. I disagree. While pleading perfection is not required, counsel should appropriately tailor complaints to the case at hand or else run the risk of failing to meet pleading standards or state actionable claims under governing law. Here, Plaintiff's blasé approach to pleading leaves open questions about who allegedly did what to whom and when. When dealing with claims of sexual harassment or sex/gender discrimination, it is imperative to ensure that a

complaint is carefully drafted with appropriate description of the events and individuals involved and proper gender references throughout to avoid confusion and, more importantly, to ensure compliance with applicable standards.  It is especially surprising that Plaintiff has not bothered to correct the "obviously unintentional typographical errors" since such errors appeared in the original complaint [DE 4-1] and continue to appear in the Amended Complaint despite Defendant's prior motion to dismiss, which pointed out these errors. [DE 9].  As set forth more fully below, I find that the Amended Complaint should be dismissed in its entirety.  I further find, however, that Plaintiff should be granted leave to amend.  If this report is adopted and Plaintiff is granted leave to his complaint, he should prepare a more carefully drafted complaint that is appropriately tailored to the facts and needs of this case.

      A.      **Count I:  Sexual Harassment Under the FCRA**

Defendant argues that Plaintiff fails to state a claim for sexual harassment because he fails to allege conduct that is sufficiently severe and pervasive to have unreasonably interfered with his work performance and his conclusory allegation that the alleged conduct interfered with his work performance directly conflicts with his statements made, under penalty of perjury, in his EEOC Charge of Discrimination.  I agree.

"Generally, sexual harassment comes in two forms: harassment that does not result in a tangible employment action (traditionally referred to as 'hostile work environment' harassment'), and harassment that does result in a tangible employment action (traditionally referred to as 'quid pro quo' harassment)."  *Johnson v. Booker T. Washington Broad. Serv., Inc.*, 234 F.3d 501, 508 (11th Cir. 2000) (citing *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 760-63 (1998)).  Here, Plaintiff attempts to assert a hostile work environment harassment claim.

To state a hostile work environment harassment claim, a plaintiff must allege (1) that he belongs to a protected group; (2) that he has been subject to unwelcome sexual harassment, such as sexual advances, requests for sexual favors, and other conduct of a sexual nature; (3) that the harassment was based on his sex; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) the employer is responsible for such environment under either a theory of vicarious or direct liability. *See Thompson v. City of Miami Beach*, 990 F. Supp. 2d 1335, 1339 (S.D. Fla. 2014) (citing *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002)). "In assessing whether harassment is objectively severe and pervasive, courts typically look to: (1) the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct was physically threatening and humiliating or just a mere utterance; and (4) whether the conduct unreasonably interferes with the employee's work performance." *Hulsey v. Pride Restaurants, LLC*, 367 F.3d 1238, 1247 (11th Cir. 2004) (citing *Faragher v. City of Boca Raton*, 524 U.S. 775, 787-88 (1998)).

Here, Plaintiff does not sufficiently state facts to show that the alleged harassment is objectively severe and pervasive. The Amended Complaint broadly states in conclusory fashion that Mr. Porter Fisher, a supervisor, subjected Plaintiff to a hostile work environment by engaging in "pervasive, repetitive, and aggressive action … of a sexual nature." [DE 12 ¶¶ 19-20, 22]. However, "[a]n introductory conclusion cannot take the place of factual allegations in stating a plausible claim for relief." *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1300−1301 (11th Cir. 2010). The only alleged facts supporting Plaintiff's conclusory allegations are vague references to comments by Mr. Fisher on Plaintiff's skin color, Mr. Fisher's offer to give Plaintiff a spray tan, Plaintiff being forced to travel for work with Mr. Fisher, and phone call offers for Plaintiff to come

to Mr. Fisher's home [*Id.* ¶¶ 18-22].  Plaintiff fails to provide additional context, dates, or other specific information to fill in the plausibility blanks regarding the frequency, severity, or pervasiveness of the alleged unlawful conduct.

Moreover, beyond conclusory statements, Plaintiff does not provide sufficient facts to show that the conduct unreasonably interfered with his work performance.  As Defendant points out, in the attached EEOC Charge of Discrimination attached to the Amended Complaint, Plaintiff affirms under oath that despite the alleged harassment by Mr. Fisher throughout his employment, Plaintiff "was able to perform the essential functions of my job duties and responsibilities" and did so "at satisfactory or above-satisfactory levels." [DE 12 at 16].  This sworn statement by Plaintiff runs contrary to the Amended Complaint's conclusory allegation that Plaintiff was subjected to severe, pervasive conduct that unreasonably interfered with his work performance. [*Id.* ¶ 28].  More factual details are needed to sufficiently allege this requisite legal element.

Overall, even accepting as true all of Plaintiff's factual allegations and construing them in his favor, the totality of the alleged conduct is insufficient to show a workplace that "is permeated with 'discriminatory intimidation, ridicule, and insult,' that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Drisin v. Fla. Int'l Univ. Bd. of Trustees*, Case No. 16-24939-Civ-Willams/Torres, 2018 WL 4905646, at *5 n. 6 (S.D. Fla. Jan. 10, 2018), *report & recommendation adopted*, 2018 WL 4905645 (S.D. Fla. May 15, 2018) ("Although Plaintiff alleges that the sexual misconduct was 'severe' and that [a graduate student's] conduct was 'hostile,' these conclusory contentions cannot withstand a motion to dismiss."); *see also Dagnesses v. Target Media Partners*, Case No. 15 - 23989-Civ-Ungaro, 2016 WL 10648749, at *5 (S.D. Fla. Jan. 11, 2016) (citing *Alhallaq v. Radha Soami Trading, LLC*, 484 Fed.Appx. 293, 295 (11th Cir. 2012)) ("Even at the motion to dismiss

stage, the Eleventh Circuit has set a high bar for establishing severity and pervasiveness, stating that 'Title VII is not a general civility code' and 'does not make actionable ordinary workplace tribulations.'"). Merely alleging in conclusory fashion that conduct is severe and pervasive with sparse factual allegations offered as support is not enough to cross the line of plausibility. Count I is thus subject to dismissal for failure to state a plausible claim.

However, because Plaintiff has only amended his complaint once as a matter of course and may be able to plead greater detail to support his hostile work environment theory, he should be granted one final opportunity to amend this claim. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (dismissal of amended complaint without leave to amend was abuse of discretion where amended complaint had been filed as a matter of course in response to a defendants' prior motion to dismiss such that "it cannot be said that the plaintiffs already had been given an opportunity to amend or that the plaintiffs repeatedly had failed to cure deficiencies through previously allowed amendments"); Fed. R. Civ. P. 15(a) (leave to amend should be freely given "when justice so requires."). I caution Plaintiff, however, that without additional supporting factual allegations to satisfy the required legal elements outlined above, he will fail to state a claim.

**B.     Count II:  Sex/Gender Discrimination Under the FCRA**

Defendant argues that Plaintiff fails to state a claim for sex/gender discrimination because he fails to identify any similarly-situated individual outside of his protected class who was treated more favorably and also because he offers no alleged facts in support of the conclusory assertion that Defendant discriminated against him based on his gender. I agree.

To state a discrimination claim based on sex/gender, a plaintiff must show: (1) he belongs to a protected class; (2) he was qualified to do the job; (3) he was subjected to an adverse employment action; and (4) he was treated less favorably than similarly situated individuals

outside his protected class. *See Burke-Fowler v. Orange Cty., Fla.*, 447 F.3d 1319, 1323 (11th Cir. 2006).

Here, Plaintiff alleges that he is a male and "[t]he treatment to which Plaintiff was subjected by Defendant … was the result of Plaintiff's sex/gender, which *male individuals* were not and would not have been subjected, in violation of the FCRA." [DE 12 ¶¶ 15, 40] (emphasis added). Complicating matters, Plaintiff alleges that he is male [*Id.* ¶ 15] and yet the Amended Complaint also refers to Plaintiff as "she" in at least two other places. [*Id.* ¶¶ 8, 49]. The Amended Complaint is thus unclear as to the gender of a proper, similarly situated comparator. Regardless, the Amended Complaint fails to allege sufficient facts establishing a similarly situated comparator who was treated more favorably.

In his response, Plaintiff offers the following five sentences in support of his argument that his gender discrimination claim survives dismissal:

> The gender discrimination claim repeats many of the elements in Count I. The difference here is that Similarly situated employees outside the class were treated more favorably. Though proving a negative, Plaintiff in [D.E. 12 ¶¶ 22] referenced Monica Aparicio. Monica Aparicio was not subject to the harassment perpetuated upon plaintiff by Mr. Fisher and as such was treated better than plaintiff. A reasonable inference can easily be made based on the allegations in the Amended Complaint as the factors regarding same are identical to those above, the gender discrimination too should survive dismissal and Defendant's Motion to Dismiss Count II should be dismissed.

[DE 23 at 5]. Notably, Plaintiff cites no supporting legal authority. And the Amended Complaint's passing reference to a female co-worker who allegedly witnessed Mr. Fisher's behavior toward Plaintiff and conclusory statements that this female co-worker was not harassed by Mr. Fisher and qualifies as "a direct comparator" is not enough to sufficiently state a claim. [DE 12 ¶ 22]. To nudge his claim across the line of plausibility, Plaintiff must identify a specific comparator *and* allege sufficient facts to show that he and his comparator "are similarly situated

in all relevant respects." *See Word v. AT&T*, 576 Fed. Appx. 908, 914 (11th Cir. 2014) (quoting *Holifield v. Reno*, 115 F.3d 1555, 1562 (11th Cir. 1997)). This would require, for example, allegations that plaintiff and his proffered comparators have the same employment history, work responsibilities, and superiors. Conclusory statements that a plaintiff was treated differently than members outside his protected class are insufficient. Plaintiff fails to sufficiently state a claim for disparate treatment gender discrimination such that his second count should be dismissed for failure to state a claim. As with Count I, because Plaintiff may be able to plead greater detail to support Count II, I recommend that Plaintiff be granted leave to amend this claim. *See Bryant*, 252 F.3d at 1163; Fed. R. Civ. P. 15(a).

    **C.**    **Count III: Retaliation Under the FCRA**

Defendant argues that Plaintiff fails to state a claim for retaliation and, moreover, has failed to exhaust his administrative remedies as to this claim. I find that while Plaintiff sufficiently states a claim for retaliation, he has failed to show that this claim has been properly exhausted.

The FCRA prohibits retaliation for opposing any practice made unlawful under its statutory provisions. Fla. Stat § 760.10(7). A plaintiff establishes a prima facie case of retaliation by showing that: (1) he "engaged in statutorily protected activity;" (2) he "suffered a materially adverse action;" and (3) "there was a causal connection between the protected activity and the adverse action." *Chapter 7 Tr. v. Gate Gourmet, Inc.*, 683 F.3d 1249, 1258 (11th Cir. 2012); *Tequesta v. Luscavich*, 240 So. 3d 733, 738 (Fla. 4th DCA 2018) (citing *Donovan v. Broward Cnty. Bd. of Comm'rs*, 974 So. 2d 458, 460 (Fla. 4th DCA 2008)). Close temporal proximity between the protected activity and adverse action can satisfy the burden of demonstrating causation. *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir.2007).

Here, while not a model of clarity, the Amended Complaint manages to allege that Plaintiff complained to supervisors about alleged discriminatory conduct in the workplace during his employment, "dual filed" charges of discrimination with EEOC and the Florida Commission on Human Relations ("FCHR") in mid-November 2021, and was subsequently terminated from his job as retaliation. [DE 12 ¶¶ 10-11, 20, 23-24, 50-53]. I conclude that these allegations, construed as true and viewed in the light most favorable to Plaintiff, satisfy the minimum requirements of a retaliation claim. That is, Plaintiff alleges that he engaged in protected activities by lodging complaints with supervisors and filing charges of discrimination; he suffered an adverse employment action in the form of termination; and he plausibly alleges causal connection through temporal proximity between the protected activity and the adverse employment action. *See Twombly*, 550 U.S. at 570 (a plaintiff need only "nudge[ his] claims across the line from conceivable to plausible").

Even though Plaintiff sufficiently states a claim for retaliation under FCRA, this claim is subject to dismissal for failure to properly exhaust administrative remedies. In this regard, Defendant maintains that Plaintiff's retaliation claim is not properly exhausted as the allegations exceed the scope of Plaintiff's EEOC charge.

As a prerequisite to bringing claims under the FCRA, a plaintiff must timely "exhaust his administrative remedies, as set forth in Fla. Stat. § 760.11." *See McCullough v. Nesco Res. LLC*, 760 F. App'x 642, 646 (11th Cir. 2019). This statute requires a plaintiff to file "formal charges with the EEOC or a state commission within 365 days of the alleged FCRA violation." *See Wen Liu v. Univ. of Miami School of Medicine*, 693 F. App'x 793, 796 (11th Cir. 2017) (citing Fla. Stat. § 760.11(1)). Under the FCRA, an aggrieved party may seek redress in court, "only after the [Florida Commission on Human Relations ("FCHR")] determines there is reasonable cause to

believe that unlawful discrimination occurred, or the charge remains unresolved for 180 days ….." *See Sheridan v. State of Fla., Dep't of Health*, 182 So. 3d 787, 792 (Fla. 1st Dist. Ct. App. 2016). If the FCHR makes a determination within the 180-day period that there is no reasonable cause, then "the claimant is limited to review before an administrative law judge under Chapter 120, Florida Statutes, and cannot file a civil action unless that review is successful." *Id.* (citing Fla. Stat. § 760.11(7)).

Significantly, "[t]he purpose of this exhaustion requirement 'is that the [EEOC] should have the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts.'" *Gregory v. Georgia Dep't of Human Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004) (quoting *Evans v. U.S. Pipe & Foundry Co.*, 696 F.2d 925, 929 (11th Cir. 1983)); *see also Rueda-Rojas v. U.S.,* 477 F. App'x 636, 638 (11th Cir. 2012) ("The purpose of this requirement 'is to give the agency the information it needs to investigate and resolve the dispute between the employee and the employer.'"). Thus, a plaintiff's discrimination claims in any subsequent lawsuit will be "limited by the scope of the EEOC investigation that can reasonably be expected to grow out of the charge of discrimination." *Kelly v. Dun & Bradstreet, Inc.*, 557 F. App'x 896, 899 (11th Cir. 2014) (citing *Gregory*, 355 F.3d at 1280). This means that a plaintiff "may not raise '[a]llegations of new acts of discrimination' in the judicial proceedings." *Hillemann v. Univ. of Central Fla.*, 167 F. App'x 747, 749 (11th Cir. 2006) (quoting *Wu v. Thomas*, 863 F.2d 1543, 1547 (11th Cir. 1989)); *see also Kelly*, 557 F. App'x at 899 ("[A]llegations of new acts of discrimination that are offered as the essential basis for requested judicial review are not appropriate absent prior EEOC consideration."). However, because courts are "'extremely reluctant' to preclude discrimination claims due to procedural technicalities, the scope of an EEOC complaint is not '"strictly interpreted."' *See Gregory*, 355

F.3d at 128; *Kelly*, 557 F. App'x at 899. Rather, the "proper inquiry is whether the complaint is like or related to, or grew out of, the allegations contained in the relevant charge." *Kelly*, 557 F. App'x at 899. Stated differently, "judicial claims are allowed if they 'amplify, clarify, or more clearly focus' the allegations in the EEOC complaint . . ." *Gregory*, 355 F.3d at 1279.

To adequately plead exhaustion, a plaintiff need only "'generally allege in [his] complaint that all conditions precedent to the institution of the lawsuit have been fulfilled.'" *See Burnett v. City of Jacksonville, FL*, 376 F. App'x 905, 906-07 (11th Cir. 2010).

Here, Plaintiff alleges that he dual filed charges of discrimination with EEOC and FCHR. His EEOC charge is attached to the Amended Complaint.  Notably, in the attached EEOC charge, Plaintiff did not select "retaliation" as a basis for the alleged discrimination, nor did he mention possible retaliation in the fact portion of the Charge. [DE 12 at 16].  However, this failure to specifically claim retaliation is not dispositive if "[t]he facts alleged in [his] EEOC charge could have reasonably been extended to encompass a claim for retaliation . . ." *See Gregory*, 355 F.3d at 1280.  As stated above, "'the scope of an EEOC complaint should not be strictly interpreted," and courts are "'extremely reluctant to allow procedural technicalities to bar claims brought under [Title VII].'" *Id.* at 1280.  Thus, accounting for this general reluctance, I have carefully considered the content of the EEOC Charge to determine whether the facts alleged reasonably could have been "extended to encompass a claim for retaliation." *Id.*

In his EEOC charge, Plaintiff indicates that the charge was based on sex discrimination that occurred from April 2, 2021, until November 15, 2021. [DE 12 at 16].  The particulars of the claim include that Plaintiff believed that he was sexually harassed by his supervisor, Porter Fisher, with reference to Mr. Fisher's comments on the pale color of Plaintiff's skin, the offers to give Plaintiff a spray tan, and invitations for Plaintiff to come to Mr. Fisher's residence. [*Id.*].  Plaintiff

14

alleges that he "contacted the Human Resources Department and spoke to Alex Olson about this issue, nothing was solved." [*Id.*]. After this attempt, Plaintiff claims: "I was still being harassed." [*Id.*].

Upon careful consideration, although it is a close call, I find that the Amended Complaint's alleged retaliatory act of terminating Plaintiff at some unspecified time *after* Plaintiff filed his EEOC complaint, [DE 12 ¶ 24], does not "amplify or clarify the previous allegations, nor [do they] grow out of the previous claims." *See Stuart v. Jefferson Cnty. Dep't of Human Res.*, 152 F. App'x 798, 801 (11th Cir. 2005). On the contrary, this incident represents a new and discrete act of alleged discrimination that is "offered as the essential basis for requested judicial review ..." *Kelly*, 557 F. App'x at 899. "Discrete acts of discrimination, *such as termination* or failure to promote, that occur *after* the filing of an EEOC complaint must first be administratively reviewed before they may serve as a basis for a judicial finding of discriminatory conduct." *Id.* (emphasis added); *see also Ray v. Freeman*, 626 F.2d 439, 442 (5th Cir. 1980)[1] ("Discrete acts of discrimination which occur after the filing of an EEO complaint must first be reviewed administratively before such acts may serve as the basis for a finding of discriminatory conduct justifying remedial action by the court."). Because Plaintiff does not allege or otherwise show that the alleged retaliatory act of termination was made a part of any administrative filing with either the EEOC or the FCHR, he fails to establish that this claim is properly exhausted.

At this juncture, I recommend that Count III be dismissed without prejudice. The Amended Complaint alleges that Plaintiff "dual filed" a charge of discrimination with the EEOC and FCHR, and he filed his original state court complaint within 90 days of receiving an attached EEOC right

---

[1] *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting all decisions of the former Fifth Circuit announced prior to October 1, 1981, as binding precedent in the Eleventh Circuit).

to sue letter issued upon Plaintiff's request "where it is unlikely that EEOC will be able to complete its investigation within 180 days from the date the charge was filed." [DE 12 at 13]. Apart from the "dual filing" allegation, no further allegations are made regarding Plaintiff's satisfaction of the separate exhaustion requirements for FCRA claims under Florida Statute § 760.11. Plaintiff should be allowed to replead administrative exhaustion for the FCRA count in a second amended complaint. Once Plaintiff alleges greater detail about administrative exhaustion under the FCRA, Defendant may reassert its argument regarding administrative exhaustion if appropriate. *See Huenefeld v. Nat'l Beverage Corp.*, No. 16-62881-Civ-Scola, 2017 WL 4838786, at *4 (S.D. Fla. Oct. 24, 2017) ("Florida courts have held that if the EEOC does 'not pass on the validity of the discrimination charge by making either a cause or a no-cause determination,' then a right-to-sue notice from the EEOC 'cannot operate to circumvent the administrative prerequisites of the FCRA.'").

## CONCLUSION

The Amended Complaint's allegations are presently insufficient to state claims for sexual harassment and sex/gender discrimination under the FCRA. Moreover, while Plaintiff adequately states a claim for retaliation, this claim is subject to dismissal for failure to exhaust administrative remedies under the FCRA. Therefore, I respectfully **RECOMMEND** that Defendant's Motion to Dismiss [DE 22] be **GRANTED IN PART AND DENIED IN PART** as follows. The Amended Complaint should be **DISMISSED** in its entirety. However, given that Plaintiff has amended once before as a matter of course and may be able to plead greater detail to support his claims, this dismissal should be **WITHOUT PREJUDICE** and Plaintiff should be afforded one final opportunity to amend his complaint to address the deficiencies discussed in this Report.

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with U.S. District Judge Rodolfo A. Ruiz, II. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016). **Conversely, if a party does not intend to object to this Report and Recommendation, then that party shall file a Notice of such within five (5) days of the date of this Report and Recommendation.**

**DONE AND RECOMMENDED** in Chambers at Fort Pierce, Florida, this 16th day of August, 2022.

_____
SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE