UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-80756-RAR

**MATTHEW BROOKSHIRE**,

    Plaintiff,

v.

**GMR MARKETING LLC**,

    Defendant.
_____/

**ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION AND GRANTING IN PART DEFENDANT'S MOTION TO DISMISS**

**THIS CAUSE** comes before the Court upon Magistrate Judge Shaniek M. Maynard's Report and Recommendation [ECF No. 26] ("Report"), filed on August 17, 2022. The Report recommends the Court grant in part Defendant's Motion to Dismiss [ECF No. 22], and there are no objections to the Report. *See* Defendant's Notice of Non-Objection [ECF No. 27]; Plaintiff's Motion to Stay & Non-Objection [ECF No. 28].

When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*. FED. R. CIV. P. 72(b)(3). However, when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to

those findings.").   In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings."   *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

Because there are no objections to the Report, the Court did not conduct a *de novo* review. Rather, the Court reviewed the Report for clear error.   Finding none, it is

**ORDERED AND ADJUDGED** as follows:

1. The Report [ECF No. 26] is **AFFIRMED AND ADOPTED**.

2. Defendant's Motion to Dismiss [ECF No. 22] is **GRANTED IN PART**. Plaintiffs' First Amended Complaint [ECF No. 12] is **DISMISSED *without prejudice*** and with leave to amend as set forth herein.

3. As explained in the Report, the Second Amended Complaint shall include sufficient allegations to state claims under Count I for sexual harassment and Count II for sex/gender discrimination under the Florida Civil Rights Act, Fla. Stat. § 760.01 *et seq.* ("FCRA"). Specifically, Plaintiff must set forth sufficient facts to establish the alleged harassment is objectively severe and pervasive under Count I, and likewise supplement the allegations in Count II by identifying a specific and similarly situated comparator.   *See* Report at 7, 10.   Conclusory statements and vague references with little to no context will not suffice.

4. However, Count III—retaliation under the FCRA—is *not* subject to amendment because this claim has not been properly exhausted.   *See* Report at 11-16.   This finding in the Report is not disputed by Plaintiff.   *See* Plaintiff's Motion to Stay and Non-Objection [ECF No. 28].   Indeed, Plaintiff requests this matter be stayed to permit Plaintiff to exhaust his retaliation claim with the Florida Commission on Human Rights before filing a Second Amended Complaint. *Id.* at 1.   Although the Court recognizes its authority to stay proceedings in this fashion, *Advanced*

*Bodycare Solutions, LLC v. Thione Int'l, Inc.*, 524 F.3d 1235, 1241 (11th Cir. 2008), it declines to do so here. Accordingly, Plaintiff's Motion to Stay [ECF No. 28] is **DENIED** and Count III for retaliation shall be **DISMISSED** *without prejudice* **as premature** for failure to exhaust administrative remedies under the FCRA. *Jackson v. Worldwide Flight Services, Inc.*, 960 So. 2d 3, 5 (Fla. 3d DCA 2005); *Webb v. Worldwide Flight Service, Inc.*, 407 F.3d 1192, 1194 (11th Cir. 2005).

5.  Plaintiff shall file a Second Amended Complaint in compliance with this Order and the findings in the Report **on or before September 21, 2022**. Failure to file a Second Amended Complaint will result in a dismissal with prejudice.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 8th day of September, 2022.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**